

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT

| | | |
|---|---|---|
| Hon. Sylvia O. Hinds-Radix<br>*Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NY 10007 | Adam M. Moss<br>Administrative Law and Regulatory Litigation Division<br>(212) 356-4017<br>amoss@law.nyc.gov |

July 21, 2023

**BY ECF**
Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>Charles, et al. v. City of New York, et al.</u>, Docket No. 23-cv-03108 (ERK)(CLP)

Dear Judge Komitee:

  I am an attorney in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York. I submit this letter on behalf of Defendant City Of New York ("City"). I write, in accordance with Section III(B) of your Honor's Individual Rules and Practices, seeking a pre-motion conference in anticipation of filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1)&(6).

**BACKGROUND**

  During the COVID-19 pandemic crisis, the City Department of Transportation ("DOT") created the NYC Open Streets Program ("Open Streets Program" or "Program") pursuant to City Administrative Code § 19-107(a)(ii). The Program provided an opportunity for New Yorkers to gain greater and safer access to outdoor spaces. Due to the success of the Program, the City Council voted in April 2021 to enact Local Law No. 55 ("LL 55")[1] to formalize the Program, with the goal of expanding opportunities in the City for pedestrian access, bicycling, outdoor dining, as well as outdoor school-related activities, such as recess and school pick-up. Under the Open Streets Program, now codified in City Administrative Code § 19-107.1, certain City streets are temporarily closed to some or all vehicular traffic—at certain times of the day and on certain days of the week. The Program provides a major public benefit to all New Yorkers, including

---

[1]   https://legistar.council.nyc.gov/LegislationDetail.aspx?ID=4424528&GUID=796B94D6-9FD4-4448-8E8A-9A631444F421&Options=ID|Text|&Search=open+streets

individuals with disabilities, who have gained additional opportunities to access City roads, in a safe, pedestrian-friendly environment, where vehicles may only gain limited access.[2]

LL 55 was signed into law by Mayor de Blasio in May 2021, and took effect in September 2021.  LL 55 authorizes DOT to promulgate rules to implement the Program, which DOT has commenced.  A public hearing was held on the proposed rules on April 26, 2023, and DOT is revising the proposed rules to address the comments received.  Despite the fact that DOT is still in the midst of rulemaking—and that many of its rules will likely address claims raised by Plaintiffs herein—Plaintiffs have filed the instant Complaint.  The Complaint relies, primarily, on the novel theory that the Americans with Disabilities Act ("ADA") and the Rehabilitation Act[3] may be expansively read to provide individuals with disabilities unfettered vehicular access to the City's streets.  As will be detailed in its planned Motion to Dismiss, the ADA does not require the City to expressly guarantee vehicular access to individuals with disabilities (or to individuals who do not have disabilities) to streets near their homes.  Nevertheless, DOT's draft rules demonstrate that the City is committed to engaging outside vendors, at significant anticipated cost to the City, to ensure that vehicles driven by or transporting individuals with mobility impairments will be provided with assistance to move temporary barriers, in order to access certain roadways designated as Limited Local Access Open Streets, such as those referenced in the Complaint.

**BASIS FOR MOTION TO DISMISS**

Plaintiffs ask this Court to take the unprecedented step of extending the protections of the ADA beyond any established interpretation of the ADA's statutory language, rules, or regulations.  To that end, Plaintiffs point to no rule or regulation requiring that streets be fully accessible to vehicular traffic, let alone for 24 hours per day, 7 days per week.  Specifically, pursuant to 42 U.S.C. § 12134(a), the United States Department of Justice ("DOJ") is responsible for promulgating regulations under the ADA.  Moreover, the Architectural and Transportation Barriers Compliance Board ("Access Board") is tasked by Congress with issuing minimum guidelines under the ADA.  Plaintiffs point to nothing in the text of the ADA, nor in the various implementing regulations which indicates that unfettered vehicular access to the City's roads, is protected by the ADA.

The Court should adopt this plain language interpretation of the ADA and its implementing regulations.  This is also appropriate, when considering that a municipality must have an ability to close public streets permanently, or as the case is here, temporarily, for established public purposes.  Historically, where a street is closed to provide for repairs, for a parade, for safety reasons, for school activities, or for another reason, the burden on individuals with disabilities as well as on individuals that do not have disabilities is the same—each is

---

[2] The Program includes many Open Streets that are considered "Limited Local Access Open Streets," which are temporarily blocked by moveable barriers to discourage the use of vehicles except for local vehicle access for limited uses.  These are the locations complained of in the Complaint.  Vehicles are permitted to enter these Limited Local Access Open Streets for specific purposes, including for parking, picking up/dropping off, local deliveries, emergency access, Access-A-Ride pickup/drop off, utility vehicles, and City services vehicles.

[3] Because Section 504 of the Rehabilitation Act and the ADA impose identical requirements, the Courts generally consider those claims in tandem.  *See Rodriguez by Rodriguez v. City of New York*, 197 F.3d 611 (2d Cir. 1999).

similarly burdened in their lessened ability to access certain city streets by vehicle. As the Second Circuit has held in a similar ADA context, "New York cannot have unlawfully discriminated against appellees by denying a benefit that it provides to no one." *Rodriguez by Rodriguez v. City of New York*, 197 F.3d 611, 618 (2d Cir. 1999) (citing 42 U.S.C. § 12132). No individual is guaranteed the right to navigate in an automobile to a location directly in front of their home, as Plaintiffs argue here, whether that individual has a disability or not. To the extent the Program delays individuals from driving onto certain City streets during the hours when the program is in effect, that is true for all individuals, regardless of disability status under the ADA.

In any event, even if, assuming *arguendo*, the Court interprets the ADA as broadly requiring vehicular access to City roadways, the Complaint fails to state a claim. The Open Streets Program only implicates reduction of vehicular access to City streets in a relatively small number of locations. Plaintiffs cannot plausibly assert that meaningful access is not provided to the City's streets by vehicles in general. *See Pascuiti v. New York Yankees*, 87 F. Supp. 2d 221, 223 (S.D.N.Y. 1999). Moreover, Plaintiffs' claims here are not ripe, and in fact, may very well be mooted once DOT's rulemaking has been completed. Under DOT's proposed rules,[4] temporary barriers may be moved by the City's vendor for individuals who may claim that they are not capable of moving them on their own based on a disability, thus there is an accommodation which provides access.

In addition, to the extent Plaintiffs claim that barriers have been placed at curb cuts, blocking access to individuals who use wheelchairs or that otherwise rely on curb cuts to access sidewalks, Plaintiffs fail to state a claim. The City is responsible for approving plans for the Program, and planters or other items are not permitted at curb cuts. To the extent any such incident is alleged to have taken place, the rules of the program, and DOT's proposed rules provide for penalties for violations.

Also, to the extent Plaintiffs claim a violation of the ADA because of alleged reduction of ambulance arrival time on Open Streets, this claim fails for similar reasons. The Program specifically provides for emergency vehicle access. In any event, a claim that emergency response time may be slowed by this program does not impact individuals with disabilities any more than it would impact individuals that do not have disabilities. There is no ground for an ADA claim based on this conclusory assertion. Finally, in the absence of Plaintiffs' ability to state a claim under its novel theory of vehicular access to the roadway, the Court should not assert jurisdiction over the State law claims. And in any event, those claims similarly fail to state a cause of action for the reasons discussed above. For all these reasons, a motion to dismiss at this stage of the litigation is appropriate and likely to succeed. Thank you in advance for your consideration of this matter.

Respectfully submitted,

/s/ Adam Moss
Adam M. Moss

---

[4] https://rules.cityofnewyork.us/rule/open-streets-program/