LAW OFFICE OF
## VACCARO & WHITE
150 BROADWAY, SUITE 1703
NEW YORK, NEW YORK 10038

STEVE VACCARO
ADAM D. WHITE

TEL: (212) 577-3040
FAX: (212) 577-9715

**STEVE VACCARO**
STEVE@VACCAROANDWHITE.COM

*Via ECF*

July 21, 2023

Honorable Eric R. Komitee
United States Courthouse Eastern District of New York
225 Cadman Plaza East, Courtroom 6G - North
Brooklyn, New York  11201

      Re:    <u>Charles, et al. v. City of New York, et al.</u>, No. 23-cv-03108 (ERK) (CLP)

Dear Judge Komitee:

      I represent the following individual, nonprofit and unincorporated association defendants in this action:  North Brooklyn Parks Alliance, North Brooklyn Mutual Aid, North Brooklyn Open Streets, Loisaida Open Streets s/h/a Loisaida Open Street Community Coalition, W103 Open Street Community Coalition, Noel Hidalgo, Clara Smith, Kevin Lacherra, Nuala O'Doherty-Naranjo, Jim Burke, Phillip Kellogg and Jeffrey Hodsdon (together, the "Volunteer Defendants").  My clients are volunteers who work as "Community partners" for defendant The City of New York's Open Streets program, which is the subject of this action.  The role in the program of volunteer partners principally involves placing and moving street barriers according to the directions and rules set by the City, checking that others comply with the City's rules, and reporting incidents to the City.[1]

      Pursuant to Your Honor's Rule III.B.1, I request a pre-motion conference in anticipation of the Volunteer Defendants' Motion to dismiss the complaint.  The complaint should be dismissed most fundamentally because the City has the power to manage public rights of way, including roadways, for the benefit of all its residents, and nothing in the Americans with Disabilities Act, Rehabilitation Act, NYSHRL, or NYCHRL create a right to 24/7, door-to-door motor vehicle access.  As is clear from the face of the complaint, Plaintiffs' claims would require a fundamental alteration of the Open Streets program by allowing motor vehicles to drive into areas filled with pedestrians, cyclists, wheelchair users, and others recreating on the street.

---

[1] The City's guidelines for "Community partners," which are subject to judicial notice, are attached as Exhibit A.

Hon. Eric R. Komitee, U.S.D.J.          2          July 21, 2023

      The Volunteer Defendants also seek to move to dismiss based on a number of grounds that apply to them as distinct from the City.  **First**, many of the Volunteer Defendants were not validly served, since the returns of service reflect service on incorrect individuals, the wrong organizations, or people who are not proper persons to receive service on behalf of an unincorporated association.

      **Second**, the Complaint fails to state a claim against the Volunteer Defendants.  As an initial matter, the Complaint uses "shotgun" pleading approach, failing to explain which allegations apply to which of the Volunteer Defendants, or even which allegations pertain to which causes of action.  It is unclear even if they are alleging intentional discrimination or failure to accommodate.  This is a violation of Rule 8(a)'s requirement of "a short and plain statement of the claim," and means that the Complaint fails to give notice of — or to plausibly plead — the claims against the Volunteer Defendants.

      The federal claims alleged against the Volunteer Defendants, moreover, do not satisfy basic statutory requirements.  Private volunteers are not a "public entity," as that term is defined in 42 U.S.C. § 12131(1).  Plaintiffs do not plead (or improperly group plead) that any of the Volunteer Defendants receive federal funds.  And in any event, "neither Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits[.]" *Garcia v. SUNY Health Sciences Center*, 280 F. 3d 98, 107 (2d Cir. 2001); *Alster v. Goord*, 745 F. Supp. 2d 317, 337 (S.D.N.Y. 2010) ("The ADA does not provide for individual capacity suits against state or city officials.").  Thus, the federal claims against the Volunteer Defendants should be dismissed with prejudice.

      The Court should exercise its discretion to dismiss the supplemental jurisdiction state law claims against the Volunteer Defendants, but if it decides to address the merits of those claims, dismissal is still warranted.  Among many other flaws, the Complaint does not allege that any of the Volunteer Defendants had managerial powers, as opposed to ministerial duties to implement the City's program, and thus cannot state a claim against an individual under the NYSHRL and NYCHRL.  Nor do Plaintiffs adequately allege that any particular Defendant knew of any particular Plaintiff's disability.

      Accordingly, the Volunteer Defendants respectfully request a pre-motion conference be scheduled to answer any questions the Court may have regarding the proposed motion to dismiss, and to set a briefing schedule.  We thank the Court for its consideration.

Hon. Eric R. Komitee, U.S.D.J.　　　　　3　　　　　　　　　　　　July 21, 2023

Respectfully submitted,

/s
Steve Vaccaro, Esq.

cc:　Matthew L. Berman, Esq. (via ECF), Counsel for Plaintiffs
　　　Adam Michel Ross, Esq. (via ECF), Counsel for Defendant The City of New York