

## Valli Kane & Vagnini
### Employee Rights Attorneys

600 Old Country Road  
Suite 519  
Garden City, NY 11530

Tel: (516) 203-7180  
Fax: (516) 706-0248  
www.vkvlawyers.com

December 8, 2023

**VIA ECF**
The Honorable Eric R. Komitee
United States District Court, Eastern District of New York
225 Cadman Plaza East
Courtroom 6G North
Brooklyn, New York 11201

  Re: *Charles, et al. v. City of New York, et al.*
     **Civil Action No: 2:23-cv-03108-EK-CLP**

Dear Judge Komittee:

  We write on behalf of plaintiffs in the above-captioned matter and pursuant to the Court's Order dated November 22, 2023, directing Plaintiffs to submit a motion for leave to amend the complaint, along with a proposed complaint and a blackline against the operative complaint, in accordance with the Court's Individual Rule III.A.1.

  A clear version of Plaintiffs' [Proposed] Amended Complaint is attached to this application as Exhibit 1, and a blackline against the operative complaint is attached as Exhibit 2.

  As the Court knows, Plaintiffs in this case are disabled individuals who challenge the City of New York's "Open Streets" program (the "Program"), which shuts down public street services to vehicular traffic in favor of exclusive access for pedestrians and cyclists. The Complaint also names a number of community organizations who, Plaintiffs allege, manage the program as state actors pursuant to a delegation of the City's police power.

  In addition to reorganizing and streamlining their allegations, Plaintiffs have made a number of substantive revisions to their proposed Amended Complaint, based upon the Court's premotion conference concerning the defendants' anticipated motions to dismiss the original complaint (ECF Dkt Nos. 48-50), as follows:

  *First*, the proposed Amended Complaint drops plaintiff Gerard Feidner as a plaintiff, because the street he resides on, West 103rd Street in Manhattan, has been removed from the City's Open Streets Program.

  *Second*, the proposed Amended Complaint drops certain of the non-municipal defendants from the action.

*Third*, the proposed Amended Complaint amplifies the allegations detailing the nature of the Program, how it was codified into law, the role of "community organizations" in the Program, the application process pursuant to which such organizations participate in the Program, the non-municipal defendants' roles in designing, managing and implementing the program, how those non-municipal defendants function as "state actors" under Title II of the Americans with Disabilities Act and the Rehabilitation Act, and additional allegations concerning the connection between the Program and the federal funding that finances it (in relation to Plaintiffs' Rehabilitation Act claim).

*Fourth*, the proposed Amended Complaint clarifies that Plaintiffs' causes of action are based upon a failure to provide reasonable accommodation, rather than intentional discrimination.

For these reasons, we request that the Court grant Plaintiffs leave to file their proposed Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2), which provides that "The court should freely give leave when justice so requires."

We thank Your Honor for your time and consideration in this matter.

Respectfully Submitted,

/s/ *Matthew L. Berman*
Matthew L. Berman, Esq.
Valli Kane & Vagnini LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
T: (516)-203-7180
mberman@vkvlawyers.com

*Attorneys for Plaintiffs*

cc:   All Counsel of Record (via ECF).