UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESS CHARLES, et al., <br><br> Plaintiffs, <br><br> - v. - <br><br> THE CITY OF NEW YORK, et al., <br><br> Defendants. | Case No. 2:23-cv-03108 |

**VOLUNTEER DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHR SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT**

i

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

ARGUMENT ........................................................................................................................... 1

I.    Plaintiffs Abandon Their Enjoin-The-Program Theory, But Fail to Plead What Specific Accommodations They Contend Must Be Provided. ........................................................... 2

II.    The ADA Title II Claims Fail Because, Under *Green*, The Volunteer Defendants Plainly Are Not Public Entities. ..................................................................................................... 4

III.    The Rehabilitation Act Claims Fail Because Plaintiffs Fail to Salvage Their Defective Allegations of Receipt of Federal Subsidies. .................................................................... 6

IV.    Plaintiffs Ignore Binding Authority Prohibiting Using Section 1983 To Evade Limits on ADA and Rehabilitation Act Claims. ................................................................................. 7

V.    Plaintiffs Do Not Dispute that the Volunteer Defendants Lacked the Authority to Grant the Sought-After Accommodation ........................................................................................... 7

CONCLUSION ...................................................................................................................... 10

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Abadi v. NYU Langone Health Sys.*,
   2023 WL 8461654 (S.D.N.Y. Dec. 7, 2023) ........................................................................8, 9

*Bartlett v. New York State Bd. of L. Examiners*,
   226 F.3d 69 (2d Cir. 2000)................................................................................................2

*Browdy v. Karpe*,
   131 F. App'x 751 (2d Cir. 2005) ......................................................................................4

*Cardwell v. Davis Polk & Wardwell LLP*,
   2021 WL 4434935 (S.D.N.Y. Sept. 23, 2021).....................................................................8

*Costabile v. New York City Health & Hosps. Corp.*,
   951 F.3d 77 (2d Cir. 2020)...............................................................................................7

*Currin v. Glenwood Mgmt. Corp.*,
   No. 20CV6047 (DLC), 2021 WL 4710485 (S.D.N.Y. Oct. 8, 2021).......................................3

*Davis v. Am. Broad. Co.*,
   2024 WL 1178014 (S.D.N.Y. Mar. 19, 2024).....................................................................9

*Emanuel v. Griffin*,
   No. 13 CIV. 1806 JMF, 2013 WL 5477505 (S.D.N.Y. Oct. 2, 2013).....................................5

*Graves v. Finch Pruyn & Co.*,
   457 F.3d 181 (2d Cir.2006)..............................................................................................8

*Green v. City of New York*,
   465 F. 3d 65 (2d Cir. 2006)...........................................................................................4, 5

*Henek v. CSC Holdings, LLC*,
   449 F. Supp. 3d 35 (E.D.N.Y. 2020) ................................................................................2

*Holbrook v. City of Alpharetta, Ga.*,
   112 F.3d 1522 (11th Cir. 1997) ........................................................................................7

*Kirkland-Hudson v. Mt. Vernon City Sch. Dist.*,
   2023 WL 2691622 (S.D.N.Y. Mar. 29, 2023) ...................................................................8

*Maione v. Med. Answering Servs., LLC*,
   No. 17-CV-8106 (JMF), 2018 WL 4682018 (S.D.N.Y. Sept. 28, 2018)................................5

*Nat'l Collegiate Athletic Ass'n v. Smith*,
    525 U.S. 459 (1999)..........................................................................................................6

*Plasencia v. City of New York Dept. of Educ.*,
    2023 WL 6161928 (S.D.N.Y. Sept. 21, 2023)...........................................................8

*Rendell-Baker v. Kohn*,
    457 U.S. 830 (1982)..........................................................................................................5

*Shaywitz v. Am. Bd. of Psychiatry & Neurology*,
    848 F. Supp. 2d 460 (S.D.N.Y. 2012).......................................................................3

*T.W. v. New York State Bd. of L. Examiners*,
    996 F.3d 87 (2d Cir. 2021)............................................................................................6

*Taibi v. Borough of Slatington*,
    No. CV 18-00385, 2018 WL 6173366 (E.D. Pa. Nov. 26, 2018)...............................6

*Taylor v. Harbour Pointe Homeowners Ass'n*,
    No. 09-CV-257-JTC, 2011 WL 673903 (W.D.N.Y. Feb. 17, 2011) .........................2

*Vinson v. Thomas*,
    288 F.3d 1145 (9th Cir. 2002) .....................................................................................7

*Walker v. City of New York*,
    No. 20CV5240PKCLB, 2021 WL 1838277 (E.D.N.Y. May 7, 2021)..................4, 5

*Williams v. City of New York*,
    121 F. Supp. 3d 354 (S.D.N.Y. 2015).......................................................................7

*Wright v. Ernst & Young LLP*,
    152 F.3d 169 (2d Cir. 1998)....................................................................................2, 4

**Statutes**

42 U.S.C. § 1983...............................................................................................................7

42 U.S.C. § 12132.............................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 8..........................................................................................................1, 3

## INTRODUCTION

Plaintiffs—who filed a complaint seeking to enjoin "the Open Streets Program" (Am. Compl. at 55) filled with criticisms of the program as a whole—now suggest that their complaint actually seeks only injunctive relief compelling the Volunteer Defendants to make unspecified reasonable accommodations to allow them to drive through areas that the City has designated for pedestrians. Frankly, the *volte face* goes to show the perils of press-release pleading, where Plaintiffs admit that they threw in a bunch of reasons why they view the Open Streets program as "problematic" (Opp. at 2 n.1) that they now seem to admit had nothing to do with their causes of action. Rule 8 prohibits this sort of approach; defendants should not have to guess at which parts of a pleading are actually a statement of why the plaintiff is actually entitled to relief against each particular defendant and which ones are mere political polemic. That alone warrants dismissal.

In any event, Plaintiffs fail to address the fundamental flaws with their decision to sue volunteers performing ministerial roles in a program run by the City on City streets, devoting most of their opposition to irrelevant matters and recitals of elements rather than seriously confronting the arguments that the Volunteer Defendants actually make. The Volunteer Defendants simply do not belong in this case.

## ARGUMENT

Much of Plaintiffs' brief focuses on reciting elements rather than responding to the arguments that the Volunteer Defendants made. On the actual arguments that the Volunteer Defendants' opening brief discusses, Plaintiffs have little to say. The claims against the Volunteer Defendants should be dismissed.

1

I. **Plaintiffs Abandon Their Enjoin-The-Program Theory, But Fail to Plead What Specific Accommodations They Contend Must Be Provided.**

Plaintiffs now concede that the City has discretion to manage its streets, including changing where people can park and reallocating public space between pedestrians and motorists and between travel and recreation. (Opp. at 2.) They abandon the actual request for relief in their complaint, which was to enjoin the Open Streets Program. (Am. Compl. at p.55.) That suffices to warrant dismissal, because they do not clearly plead what accommodations they seek other than enjoining the program altogether, or any of the other aspects of a claim seeking a specific accommodation rather than facially challenging the entire program. The complaint, not attorney argument, is what the Volunteer Defendants must respond to. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998). Plaintiffs chose to plead that their requested accommodation was enjoining the entire program, which is plainly not a reasonable accommodation.

Courts have consistently held that a reasonable accommodation claim under the ADA, Rehabilitation Act, and state law requires that a plaintiff actually request a specific accommodation from the defendant followed by a denial of that request. For example, Judge Cogan rejected ADA and NYSHRL claims where "[a]lthough plaintiff testified at his deposition that he had ADHD and OCD, he admits that he never requested an accommodation, which is a requirement to maintain an ADA claim." *Henek v. CSC Holdings, LLC*, 449 F. Supp. 3d 35, 45 (E.D.N.Y. 2020); *see also Taylor v. Harbour Pointe Homeowners Ass'n*, No. 09-CV-257-JTC, 2011 WL 673903, at *5 (W.D.N.Y. Feb. 17, 2011) (collecting cases holding that, under numerous disabilities discrimination statutes, "a plaintiff must actually request an accommodation and be refused in order to bring a reasonable accommodation claim"). It is the request that frames a reasonable-accommodations claim. *Bartlett v. New York State Bd. of L. Examiners*, 226 F.3d 69, 86 (2d Cir. 2000) ("If Bartlett's requests for accommodations did not

2

provide enough information for the Board to determine that she was disabled, the Board would not be liable."); *see also Shaywitz v. Am. Bd. of Psychiatry & Neurology*, 848 F. Supp. 2d 460, 467 (S.D.N.Y. 2012) ("[T]he defendant must have had adequate knowledge of the plaintiff's disability."). It is generally not sufficient merely to allege that a facility "may not be accessible to all;" the plaintiff must rather allege that they "could not use that facility because of his specific disability, that a reasonable accommodation could have rectified the situation, that he requested the accommodation, and the defendant failed to make that accommodation." *Currin v. Glenwood Mgmt. Corp.*, No. 20CV6047 (DLC), 2021 WL 4710485, at *3 (S.D.N.Y. Oct. 8, 2021) (rejecting ADA and FHA disability discrimination claims).

Plaintiffs did not even attempt to make this showing. Instead, they complained about the program as a whole, and the Volunteer Defendants responded to their broadside against the program as a whole. They even admit that they threw in a bunch of political rhetoric that does not actually go to their causes of action, a clear violation of Rule 8's requirements. (Opp. at 2 n.1.) As it is, the complaint is a facial challenge that the Plaintiffs now try to turn into something else. Because they framed it that way, it does not plausibly plead the elements of the claim they are trying retroactively to turn it into, which include that they asked the Volunteer Defendants for an accommodation that would have allowed them to meaningfully participate, that the Volunteer Defendants had the power to give that accommodation, and that the Volunteer Defendants said no. At the very least, Plaintiffs need to say clearly in their complaint what the accommodation they seek is, short of ending the program. Otherwise, the Volunteer Defendants are forced to respond to an amorphous request to do *something*, when it is not entirely clear that even the Plaintiffs have decided what they want. The only accommodation the Amended Complaint gives

3

notice it seeks is enjoining the entire program, and even Plaintiffs now agree that is not a reasonable accommodation.

## II. The ADA Title II Claims Fail Because, Under *Green*, The Volunteer Defendants Plainly Are Not Public Entities.[1]

Next, Plaintiffs' contention that an assortment of private associations and individuals are "public entities" subject to suit under Title II of the ADA is squarely foreclosed by binding Second Circuit precedent. *Green v. City of New York*, 465 F. 3d 65 (2d Cir. 2006), is clear: when a municipality contracts with a private entity—even if the contract is to perform a public function—the municipality is the only proper Title II defendant and the private contractor is not. And individuals simply cannot be public *entities*. No matter how much Plaintiffs allege that certain defendants advocated for particular policies (itself conduct protected from liability under the First Amendment), no matter whether or not a government contractor uses "governmental power," no matter whether or not putting up a barricade is "exercising municipal power," *Green* says that it is the City that has the duty under Title II, not the contractor. *See also Walker v. City of New York*, No. 20CV5240PKCLB, 2021 WL 1838277, at *14 (E.D.N.Y. May 7, 2021) (Title II claim unavailable against private organization providing public defender services under contract with government); *Browdy v. Karpe*, 131 F. App'x 751, 753 (2d Cir. 2005) (Title II claims should have been brought against "the public entity that provides competency hearings").

As it is, the argument that the City "delegated and transferred its governmental power" (Opp. at 10) by involving volunteers in its program is long on hyperbole and short on plausibility. The same arguments Plaintiffs make for why their facts are different to the facts in

---

[1] Plaintiffs occasionally refer to Title III of the ADA; they have not alleged any claim under Title III in their complaint, and the statute that they cite, 42 U.S.C. § 12132, is in Title II. If the reference to Title III are anything more than a typographical error, then they have not pleaded such a claim and cannot retroactively do so through their opposition memorandum. *Wright*, 152 F.3d at 178.

*Green*—never mind that the principle of law stated is not fact-specific—could be used to argue that any parade, recreational activity, or other use of streets somehow makes private volunteers into an instrumentality of the state. Tellingly, Plaintiffs do not cite a single case that has adopted such a theory, because *Green* is clear and calling a private volunteer a public entity simply does not work.

Likewise, Plaintiffs' argument that private individuals and organizations can be sued for prospective injunctive relief as official-capacity defendants under *ex parte Young* fails too. Private volunteers and contractors do not have any official capacity in which to be sued. *See Walker*, 2021 WL 1838277, at *13 (official-capacity Title II suit could not proceed against private individual, even if performing a public function under contract); *Maione v. Med. Answering Servs., LLC*, No. 17-CV-8106 (JMF), 2018 WL 4682018, at *2 (S.D.N.Y. Sept. 28, 2018) (no Title II claim against medical transport company under contract with state Medicaid). Plaintiffs' allegations, at any rate, are not that the Volunteer Defendants were empowered to enforce anything, arrest anyone, cite anyone, or any other classic public power—it is that they were under contract with the City to put up temporary barricades. *See Emanuel v. Griffin*, No. 13 CIV. 1806 JMF, 2013 WL 5477505, at *5 (S.D.N.Y. Oct. 2, 2013) ("[T]he mere fact that a private actor is paid by state funds, or is hired by a state actor, is insufficient to establish state action."). Analogously, the Supreme Court has held that building roads for the government according to the government's specifications does not render a private person an arm of the state. *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982).

And, as previously noted, the Volunteer Defendants' actions in *advocating* that the City establish Open Streets or *advocating* certain design elements or policies are classic protected petitioning activity. Advocacy does not become official action merely because it succeeds in

5

persuading the government to pursue a policy. Just as Plaintiffs do not become state actors under *ex parte Young* by virtue of lobbying against Open Streets, private volunteers do not become state actors by advocating for them.

In short, if Plaintiffs have a Title II claim, it is against the City. The Volunteer Defendants should be left out of it.

### III. The Rehabilitation Act Claims Fail Because Plaintiffs Fail to Salvage Their Defective Allegations of Receipt of Federal Subsidies.

Plaintiffs similarly fail to respond to the flaws in their conclusory pleading of receipt of federal subsidies. Missing the point of the Volunteer Defendants' argument—that conclusorily pleading receipt of *City funds* does not plausibly plead receipt of *federal subsidies*—Plaintiffs instead argue again that the Volunteer Defendants received City funds.

In particular, they contend that unauthenticated websites that they link to but do not attach to the Amended Complaint or even to a sworn declaration suggest past receipt of "Contractual Services General" funds by two defendants and one other entity, on one occasion each, plus the *City's* prior receipt of funds under an expired Covid relief program that went to the Open Streets Program generally. Even if those webpages were properly before the Court, and they are plainly not, they miss the point, which is that the Plaintiffs need to plead plausibly that *each* Volunteer Defendant received federal *subsidies* (not just reimbursement for services provided), and thus agreed to the Rehabilitation Act's condition on *subsidy* payments. *Nat'l Collegiate Athletic Ass'n v. Smith*, 525 U.S. 459, 468 (1999); *T.W. v. New York State Bd. Of L. Examiners*, 996 F.3d 87, 94 (2d Cir. 2021). The problem is not whether federal aid was directly received or indirectly regranted; the problem is that Plaintiffs confuse federal funds with federal aid and allege only the former. Nor do Plaintiffs address the obvious problem that Covid relief funding has expired. *Taibi v. Borough of Slatington*, No. CV 18-00385, 2018 WL 6173366, at *5

6

(E.D. Pa. Nov. 26, 2018) ("[D]iscrimination is not actionable under § 504 if it did not occur within the period that an entity received federal financial assistance.").

In short, the flaw remains: conclusory pleading of receipt of City funds does not plausibly allege that a defendant received federal subsidies. The Rehabilitation Act claim must be dismissed.

**IV.     Plaintiffs Ignore Binding Authority Prohibiting Using Section 1983 To Evade Limits on ADA and Rehabilitation Act Claims.**

Plaintiffs insist that they can use Section 1983 to assert ADA claims. (Opp. at 11.) They do not respond to the Volunteer Defendants' citation of binding authority that the *only* claims that can be brought under the ADA are those within its own private right of action and Section 1983 cannot be used to evade those limits. *Costabile v. New York City Health & Hosps. Corp.*, 951 F.3d 77, 83 (2d Cir. 2020) (expressly referring to both the ADA and Rehabilitation Act). *Costabile* cites cases that specifically note that they included Title II claims, such as *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1531 (11th Cir. 1997) and *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official In her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act."). The case Plaintiffs cite, *Williams v. City of New York*, 121 F. Supp. 3d 354, 370 (S.D.N.Y. 2015), predates *Costabile*, and is no longer good law. Thus, the Title II claims must proceed under Title II or not at all.

**V.     Plaintiffs Do Not Dispute that the Volunteer Defendants Lacked the Authority to Grant the Sought-After Accommodation**

Plaintiffs decline to address whether the Volunteer Defendants had the requisite authority to be held liable under the State and City HRL. Rather, in a footnote, they state that since the State and City HRL claims "fail for the same reasons they supposedly fail under the ADA and

7

the Rehabilitation Act," Plaintiffs "need not separately address the sufficiency" of their State and City HRL claims. This is also wrong.

While dismissal of the ADA and Rehabilitation Act claims counsels strongly in favor of declining supplemental jurisdiction over the State and City HRL claims, *see* Mot. at 16, *Graves v. Finch Pruyn & Co.,* 457 F.3d 181, 184 n. 3 (2d Cir.2006), the lack of personal involvement on the part of the Volunteer Defendants is a separate basis for dismissal, and one Plaintiffs entirely fail to address.

As set forth in Defendants' Opening Brief, in order to hold an individual liable under the State or City HRL, Plaintiffs "must show that the individual was ***personally involved*** in engaging in discriminatory acts." *Abadi v. NYU Langone Health Sys.,* 2023 WL 8461654, at *7 (S.D.N.Y. Dec. 7, 2023); *see also Plasencia v. City of New York Dept. of Educ.*, 2023 WL 6161928, at *3 (S.D.N.Y. Sept. 21, 2023) ("To make out a claim against an individual defendant under the [NY]SHRL . . . a plaintiff must . . . show direct, personal involvement in discriminatory conduct.") (internal quotation marks omitted); *Cardwell v. Davis Polk & Wardwell LLP*, 2021 WL 4434935, at *24 n.13 (S.D.N.Y. Sept. 23, 2021) ("[T]he NYSHRL, and the NYCHRL all require a plaintiff to allege that a defendant was personally involved in the discrimination."); *Kirkland-Hudson v. Mt. Vernon City Sch. Dist.*, 2023 WL 2691622, at *30 (S.D.N.Y. Mar. 29, 2023) ("Under the NYSHRL . . . , individual liability . . . requires personal involvement of a defendant.") (internal quotation marks omitted). No requisite personal involvement was alleged in the Amended Complaint, and Plaintiffs identify none in their Opposition.

Nor does Plaintiffs' new theory of liability alter this. In their Opposition, Plaintiffs clarify that—contrary to the expansive relief sought in the Complaint—what they meant to demand was a reasonable accommodation, and not an order for injunctive relief enjoining the program in its

8

entirety. The result is the same. To bring a claim for failure to reasonably accommodate under the State and City HRL, Plaintiffs must "plausibly allege" that the individual Volunteer Defendants were "personally involved in making the decision not to grant plaintiff a reasonable accommodation." *Abadi*, 2023 WL 8461654, at *7. And further, that the defendants "actually had the power to grant the reasonable accommodation." *Id.* at 8. As set forth in the Opening Brief, Plaintiffs have failed to allege either. Indeed, Plaintiffs decline to address the issue at all in their Opposition, and can be deemed to have conceded this point. *See, e.g.*, *Davis v. Am. Broad. Co.*, 2024 WL 1178014, at *6 (S.D.N.Y. Mar. 19, 2024) (deeming plaintiff to have conceded unaddressed argument raised by plaintiff, and collecting cases supporting same).

  The Volunteer Defendants, who lack the capacity to grant the reasonable accommodation sought, and who are not alleged to have been personally involved in the alleged discrimination, are not proper parties under the State and City HRL, and therefore must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' Amended Complaint with prejudice.

Dated: April 12, 2024

/s/ Joseph M. Sanderson
Joseph M. Sanderson, Esq.

STEPTOE LLP

Joseph M. Sanderson
1114 Avenue of the Americas
New York, New York 1003

VACCARO LAW

Steve Vaccaro, Esq.
Christopher B. Greene, Esq.
VACCARO LAW
150 Broadway, Suite 1212
New York, NY 10038

*Attorneys for Defendants North Brooklyn Parks Alliance, North Brooklyn Open Streets Community Coalition, North Brooklyn Mutual Aid, 34th Avenue Open Streets Coalition, Noel Hidalgo, Nuala O'Doherty-Naranjo, Kevin Lacherra, Jim Burke, and Jeffrey Hodsdon*

10