

THE CITY OF NEW YORK
# LAW DEPARTMENT

**Steven Banks**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

**Adam M. Moss**
**Administrative Law and Regulatory Litigation Division**
**(212) 356-4017**
**amoss@law.nyc.gov**

April 13, 2026

<u>**BY ECF**</u>
Honorable Peggy Cross-Goldenberg
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  <u>Charles, et al. v. City of New York, et al.</u>, Docket No. 23-cv-03108

Dear Judge Cross-Goldenberg:

I am an attorney in the office of Steven Banks, Corporation Counsel of the City of New York.  I submit this joint letter on behalf of Defendant City of New York ("City") as well as Plaintiffs to provide documents and information as required by an order of this Court.

As the Court will recall, this case concerns claims asserted by a group of New York City residents who claim, among other things, that they are being deprived of equal access to public accommodations at certain locations where the City operates its Open Streets Program.  That program utilizes barricades, bollards, concrete planters, signage, and other "traffic calming" measures to regulate the flow of people and vehicles through designated areas.  The City asserts that the program seeks to promote pedestrian traffic, cycling, and community programming.

Judge Komitee referred this case to Magistrate Judge Pollak for mediation, and Judge Pollak held a settlement conference on November 21, 2025.  At the conference, the parties discussed the possibility of the City arranging for a consultant to conduct a study of potential design modifications to accommodate Plaintiffs.  By Minute Entry for Settlement Conference dated November 21, 2025, Judge Pollak ordered: "By 3/2/2026, the parties shall submit to the Court the name of the retained expert and a proposal as to the expert's work."

The parties jointly requested additional time to comply with the Court's Order, and this Court most recently granted an extension to comply with the Court's Order, until April 13, 2026. <u>See</u> Order granting ECF #86.

In accordance with the Court's Order, submitted herewith, please find a proposed "Accessible Access Management Solutions Engineering Services Scope of Work" ("AAMS

Study") prepared by the New York City Department of Transportation ("DOT"), with input from Plaintiffs. The purpose of the study is, in summary:

> "To study and identify potential off the shelf and custom designed access management solutions to be deployed at a series of Open Street priority locations in a manner that complies with accessibility laws, rules and regulations, including the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq. (the "ADA"), the New York State Human Rights Law, and New York City Human Rights Law*." AAMS Study, p. 1.

The anticipated start date for the AAMS Study is July 2026. DOT will select an engineering services consultant from a list of three consultants that DOT is in the process of retaining to undertake various DOT engineering services projects pursuant to an Engineering Services Agreement ("ESA"). A Request For Proposal for the ESA was issued in November 2024. DOT has selected three proposers to negotiate a contract with, and once contracts are finalized and registered with the New York City Comptroller's office ("Comptroller"), the selected proposers will be eligible to receive task orders from DOT and commence work as an ESA consultant. Pursuant to the process outlined in the ESA, DOT will select one of the three consultants to undertake the AAMS Study.

Accordingly, the City anticipates that one of the following three (3) consultants will be assigned to undertake the AAMS Study.

1- TY Lin International Engineering & Architecture P.C.

2- WSP USA Inc.

3- HNTB New York Engineering and Architecture, P.C.

Contracts with the above entities are anticipated to be finalized shortly, with registration of the contracts with the Comptroller anticipated to be completed in late June/early July 2026.

In addition, the parties are also discussing the possibility of a shorter term "interim solution" to modify certain Open Street designs while long-term solutions are studied as part of the AAMS Study. The parties jointly propose to the Court a deadline of May 11, 2026 to report back to the Court as to the status of discussions regarding an interim solution.

The parties also anticipate discussing the outline of a settlement agreement now that the proposed scope of work has been provided to the Court and an interim solution is being negotiated.

With the Court's permission, the parties will provide an update to the Court on May 11, 2026 regarding the status of a potential interim solution.

Thank you in advance for your consideration of this matter.

> Respectfully submitted,
>
> /s/ Adam Moss
> Adam M. Moss
> Attorney for City Defendant

<u>/s/ Matthew Berman</u>
Matthew Berman
Attorney for Plaintiffs