

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

Steven Banks
*Corporation Counsel*

**Adam M. Moss**
**Administrative Law and Regulatory Litigation**
**Division**
**(212) 356-4017**
**amoss@law.nyc.gov**

May 11, 2026

**BY ECF**
Honorable Peggy Cross-Goldenberg
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Charles, et al. v. City of New York, et al., Docket No. 23-cv-03108

Dear Judge Cross-Goldenberg:

I am an attorney in the office of Steven Banks, Corporation Counsel of the City of New York. I submit this joint letter on behalf of Defendant City of New York ("City") as well as Plaintiffs to provide a status update regarding a potential "interim solution" to modify certain Open Street designs and to propose to the Court that the next status update be provided on July 11, 2026.

As the Court will recall, this case concerns claims asserted by a group of New York City residents who claim, among other things, that they are being deprived of equal access to public accommodations at certain locations where the City operates its Open Streets Program. That program utilizes police stanchions, bollards, concrete planters, signage, and other "traffic calming" measures to regulate the flow of people and vehicles through designated areas. The City asserts that the program seeks to promote pedestrian traffic, cycling, and community programming.

Judge Komitee referred this case to Magistrate Judge Pollak for mediation, and Judge Pollak held a settlement conference on November 21, 2025. At the conference, the parties discussed the possibility of the City arranging for a consultant to conduct a study of potential design modifications to accommodate Plaintiffs. By Minute Entry for Settlement Conference dated November 21, 2025, Judge Pollak ordered that "the parties shall submit to the Court the name of the retained expert and a proposal as to the expert's work."

By letter dated April 13, 2026, the parties submitted the proposed "Accessible Access Management Solutions Engineering Services Scope of Work" ("AAMS Study") prepared by the New York City Department of Transportation ("DOT"), with input from Plaintiffs. See ECF No. 88. As noted in the letter, the anticipated start date for the AAMS Study is July 2026.

In addition, the April 13, 2026 letter indicated that the parties are also discussing the possibility of a shorter term "interim solution" to modify certain Open Street designs while long-term solutions are studied as part of the AAMS Study. The parties jointly proposed to the Court a deadline of May 11, 2026 to report back to the Court as to the status of discussions regarding an interim solution. Pursuant to the request, the Court ordered that a status report be provided by May 11, 2026. See ECF No. 88.

Over the past month, the City preliminarily shared an interim design solution with Plaintiffs, based in part, on input received during discussions held with Plaintiffs' counsel. Upon reviewing the proposal, Plaintiffs' counsel provided feedback to the City, and then counsel for the parties met and conferred regarding questions and issues raised by Plaintiffs regarding the proposal. Currently, the City is preparing responses to Plaintiffs' inquiries, and counsel for the parties intend to meet and confer again within the next 1-2 weeks. If the parties are able to agree to the proposed interim solution, it is anticipated that an inter-agency review period would be required prior to implementation.

With the Court's permission, the parties will provide an update to the Court on July 11, 2026 regarding the status of the potential interim solution.[1]

Thank you in advance for your consideration of this matter.

Respectfully submitted,

/s/ Adam Moss
Adam M. Moss
Attorney for City Defendant

/s/ Matthew Berman
Matthew Berman
Attorney for Plaintiffs

---

[1] The Court should note that all claims in this case have been dismissed as against all non-City defendants. Accordingly, the only remaining defendant is the City of New York.