THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Steven Banks**
*Corporation Counsel*

**Adam M. Moss**
**Administrative Law and Regulatory Litigation Division**
**(212) 356-4017**
**amoss@law.nyc.gov**

October 8, 2026

**BY ECF**
Honorable Peggy Cross-Goldenberg
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Charles, et al. v. City of New York, et al., Docket No. 23-cv-03108

Dear Judge Cross-Goldenberg:

I am an attorney in the office of Steven Banks, Corporation Counsel of the City of New York. I submit this joint letter on behalf of Defendant City of New York ("City") and Plaintiffs to provide a status update regarding settlement discussions between the parties and to propose to the Court that the next status update be provided on November 23, 2026.

As the Court may recall, this case concerns claims asserted by a group of New York City residents who claim, among other things, that they are being deprived of equal access to public accommodations at certain locations where the City operates its Open Streets Program. That program utilizes police barriers, bollards, concrete planters, signage, and other "traffic calming" measures to regulate the flow of people and vehicles through designated areas. The City asserts that the program seeks to promote pedestrian traffic, cycling, and community programming.

As part of the ongoing mediation, the parties submitted to the Court the proposed "Accessible Access Management Solutions Engineering Services Scope of Work" ("AAMS Study") prepared by the New York City Department of Transportation ("DOT"), with input from Plaintiffs. See ECF No. 88. The AAMS Study is designed to review and study potential design or street modifications. As an update to the Court regarding the AAMS Study, DOT's negotiations with an engineering firm that was recently retained by the City are expected to be completed shortly. DOT thus anticipates that the contract will be finalized and sent to the Comptroller's office shortly for registration, after which point, the AAMS study may commence.

As the Court may further recall, the parties have reached an agreement in principle on an "interim solution" to modify certain Open Street designs to facilitate accessibility while long-term solutions are studied as part of the AAMS Study. As part of the proposed interim solution, DOT intends to modify certain Open Street locations, on a temporary basis, subject to a review process

involving municipal stakeholders and community board input. The modification would include the removal of temporary barriers at certain agreed upon locations along Berry Street and 34th Avenue, to alter the manner in which vehicles access those specific locations. The interim solution is proposed to remain in place pending completion of the AAMS Study. As a further update regarding the interim solution, DOT is finalizing design drawings of the proposed plan. Once a signed and sealed plan is prepared, DOT will share the plans with local community boards, elected officials, as well as relevant City departments.

In addition, counsel for the parties spoke on the phone last week regarding settlement. The parties anticipate that a draft settlement agreement will be circulated within the next few weeks among the parties for review.

With the Court's permission, the parties wish to continue discussing a potential resolution, and request to provide an update to the Court on November 23, 2026 regarding the status of the AAMS study, the interim solution, and a potential settlement agreement. If the parties are able to agree on terms of a settlement prior to such date, the parties will submit the proposed agreement to the Court for review in advance of the deadline.

Thank you in advance for your consideration of this matter.

Respectfully submitted,

/s/ Adam Moss
Adam M. Moss
Attorney for City Defendant

/s/ Matthew Berman
Matthew Berman
Attorney for Plaintiffs